# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

NC LAFONSE PRYOR,                              CASE NO. 3:25 CV 436

      Plaintiff,

      v.                                   JUDGE JAMES R. KNEPP II

SERGEANT PEPPERS, et al.,

      Defendants.                          **ORDER**

On November 5, 2025, this Court ruled on several motions filed by *pro se* Plaintiff Nc Lafonse Pryor. (Doc. 46). Therein, the Court instructed Plaintiff to file a single Amended Complaint "that sets forth all factual allegations and all causes of actions he wishes to bring." *Id.* at 3. Plaintiff did so. (Doc. 48). Plaintiff's Amended Complaint asserts various claims related to the alleged destruction of legal mail, interference with access to the courts, retaliation, and deliberate indifference as it relates to a knee condition. *See id.*

Service of Amended Complaint / Motions to Stay

In his Amended Complaint, Plaintiff named as Defendants Toledo Correctional Institution employees Sergeant Peppers, Sergeant Miller, Corrections Officer Hilton, Sergeant Cunningham, Case Manager Ms. Weirich, Doctor Kroggel, Mailroom Clerk M. Bowers, Mailroom Clerk Ms. Bias, Lieutenant Ellis, Lieutenant Short, Captain Rodriguez, Doctor "Unknown First & Last," and Doctor Del a Cruz. *See id.* at 6. Plaintiff also named Defendants Cunningham, Hilton, Miller, Peppers, and Weirich in the original Complaint and these Defendants previously filed a Motion for Judgment on the Pleadings and an Answer to the original Complaint. *See* Docs. 10, 13. Plaintiff named Defendants Kroggel, Boers, Bias, Ellis,

Short, Rodriguez, Del a Cruz and Doctor "Unknown First & Last" for the first time in the Amended Complaint and, to date, these Defendants have not been served therewith. Although Plaintiff is proceeding *in forma pauperis* and thus qualifies for service of process by U.S. Marshals, he did not file summonses or USM-285 forms with which to effectuate service. *See* Fed. R. Civ. P. 4(c)(3). Therefore, as defense counsel correctly points out, these Defendants have not been properly served. *See* Docs. 54, 60; *see also King v. Taylor,* 694 F.3d 650, 655 (6th Cir. 2012) ("[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant.").

The Defendants named in Plaintiff's original complaint and State of Ohio[1] thus move this Court to stay all proceedings until the Amended Complaint has been properly served. *See* Docs. 54, 60. The Court grants this request. This matter shall be stayed until Plaintiff has demonstrated service on the additional  Defendants named in the Amended Complaint. In order for the Court to refer the matter to the U.S. Marshals for service of process, Plaintiff must provide the Court with completed U.S. Marshal forms and summonses for each unserved Defendant within 30 days of the date of this Order. The Clerk's Office is directed to send sufficient U.S. Marshal forms and summonses with this Order to Plaintiff for this purpose. Plaintiff's failure to comply with this Order may result in sanctions <u>up to and including dismissal</u> of his Amended Complaint as against the newly-named Defendants.

Additionally, the Defendants named in Plaintiff's original Complaint Defendants have filed an Answer to Plaintiff's Amended Complaint. (Doc. 59). Thus, Plaintiff's request for an entry of default (Doc. 52) is denied.

---

1. The Ohio Attorney General's Office notes it "may appear in any civil action in order to protect the interest of the State even though no request for appearance has been made by the officer of employee. Such appearance does not waive personal service and any defenses available at law." (Doc. 60, at 1 n.1) (citing Ohio Rev. Code § 109.361).

<u>Additional Motions</u>

Plaintiff has filed seven additional motions: (1) "Motion Pursuant to Parratt/Hudson Doctrine" (Doc. 47); (2) "Motion for Order 'to treat Legal mail as legal mail'" (Doc. 49); (3) "Motion Request for Sanctions" (Doc. 50); (4) "Motion Request for Civil Contempt" (Doc. 53); (5) "Motion for Sanctions Pursuant to 28 U.S.C. § 1927 due to Defense Counsel's 'Dilatory Tactics'" (Doc. 56); (6) Motion for Civil Contempt (Doc. 62); and (7) Motion to Supplement Exhibits (Doc. 63). Defendants move to strike Plaintiff's requests for sanctions. (Doc. 51, 54).

Upon review, the Court finds Plaintiff's various motions in large part seek to litigate the merits of his underlying claims. This is not an appropriate use of motions prior to his Amended Complaint being properly served and this Court issuing a case management order. Further, the Court previously cautioned Plaintiff that he was required to include all factual allegations and claims in his Amended Complaint. To the extent Plaintiff seeks to add to or modify his claims, he cannot do so through such motions. "Although pro se litigants are afforded significant leeway, they must still comply with the procedural rules that govern civil cases." *Craft v. St. Jude Child. Rsch. Hosp.*, 2024 WL 5381953, at *2 (6th Cir.) (citation modified); *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (explaining the lenient treatment generally accorded pro se litigants "has limits"). Further, the Courts finds Plaintiff has not identified a proper basis for sanctions. Thus, the Court denies Plaintiff's motions.

Plaintiff will have an opportunity to argue and submit proof of the merits of his underlying claims in any dispositive motion practice, and should the case survive dispositive motion practice, at trial. The Court further cautions Plaintiff that Local Civil Rule 7.1(i) provides "[f]iling a frivolous motion or opposing a motion on frivolous grounds may result in the

imposition of appropriate sanctions including the assessment of costs and attorneys' fees against counsel and/or the party involved."

Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that the Clerk's Office shall forward sufficient U.S. Marshal forms and summonses to Plaintiff for each unserved Defendant and Plaintiff shall, within 30 days of the date of this Order, return those service documents; and it is

FURTHER ORDERED that Plaintiff's additional motions (Docs. 47, 49, 50, 53, 56, 62, 63) be, and the same hereby are DENIED; and it is

FURTHER ORDERED that Defendants' Motions to Strike (Docs. 51, 54) be, and the same hereby are, DENIED as moot, without prejudice; and it is

FURTHER ORDERED that Plaintiff's request for an entry of default (Doc. 52) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that Defendant's Motion to Stay (Doc. 60), be and the same hereby is, GRANTED. This matter is stayed until service is accomplished upon the newly-added Defendants.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: April 21, 2026

4